# Hertzog's Estate.

*Appeals—Orphans' court—Findings of fact—Review.*

A finding of fact by the orphans' court as to the payment of a promissory note based upon sufficient evidence, will not be reversed by the appellate court in the absence of manifest error.

Argued Nov. 13, 1912.  Appeal, No. 252, Oct. T., 1911, by plaintiff, from decree of O. C. Lancaster Co., Nov. T., 1909, No. 16, dismissing exceptions to adjudication in Estate of Samuel Hertzog, deceased.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to adjudication.  Before SMITH, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to adjudication.

*J. E. Malone,* with him *N. Franklin Hall,* for appellant.

*W. U. Hensel,* for appellee.

OPINION BY MORRISON, J., February 27, 1913:

This is a peculiar case.  Samuel Hertzog died September 5, 1909, testate.  When his estate came before the court for adjudication F. E. Engle, administrator of Eliza Hart, presented a claim for $800, due on a promissory note dated March 17, 1906.  After considerable evidence had been produced tending to prove the execution and delivery of the note and its loss it was finally produced and put in evidence, and the indorsements on the back thereof, conceded to be correct, showed payments of interest to December 7, 1910.  There was no denial that Samuel Hertzog, during his lifetime, had received $800 from Eliza Hart, but payment of the note in question was

resisted upon the ground that the above loan was canceled by the delivery, by Eliza Hart, on June 20, 1905, of a certain note for $800, dated April 1, 1903, which she held against Samuel Hertzog as maker. In support of the defense to the payment of the note for $800, dated March 17, 1906, there was put in evidence a sealed agreement, dated June 20, 1905. Said agreement in so far as it was claimed to bear upon the question here involved, was an agreement, signed, sealed and delivered, whereby the said Eliza Hart canceled and delivered to Samuel Hertzog the promissory note, dated April 1, 1903, in consideration of the said Samuel Hertzog paying to her during her lifetime the sum of $32.00 interest annually. Nobody questions the genuineness of the said agreement nor that the note of April 1, 1903, was canceled and intentionally delivered to Samuel Hertzog by said Eliza Hart. Therefore, there is no question but the note of April 1, 1903, was satisfied if the interest was paid on it till the date of the death of Eliza Hart, and no question is raised about that. But at the adjudication before the learned judge of the orphans' court the contention of the appellant was that the note of March 17, 1906, was made to take the place of the one canceled and surrendered and that the latter note was executed and delivered merely to show on what sum interest was to be paid to Eliza Hart, and without any new consideration passing between the parties. In short, it was contended that the agreement of June 20, 1905, above referred to, and the delivery of the note of April 1, 1903, by Eliza Hart to Samuel Hertzog and the payment of interest till the death of Eliza Hart satisfied both notes. The appellant undertook to sustain this position by certain evidence, but he failed to satisfy the learned judge of the orphans' court of the necessary facts, and he refused to find as a fact that the appellant's contention was correct and he allowed the payment of the note of March 17, 1906, to which decree appellant excepted and his exception being dismissed by a final decree, he appealed to this court.

It is argued by appellant's counsel that the court below found as a fact that both notes were given for the same money, but in the opinion of the court below dismissing the exceptions to the adjudication we find the following: "From this it is asserted that the court found as a fact that it was the same money. While we inclined to that belief, it was not found as a fact, and there is not a scintilla of evidence to confirm such a finding. The note on which the claim is founded was not made until nine months after the agreement had been executed, and there is no testimony as to it, except that relating to the search for it. With the note in evidence and nothing offered to show why it should not be paid, the claim was allowed."

The record does not show that the court below found as a fact that the two notes represented the same consideration, and the above quotation from the opinion of the judge conclusively shows that he was not satisfied of that fact and he refused to so find. However, we do not agree that there is not some evidence in the record supporting the appellant's contention that both notes represented the same $800. We find some slight evidence to that effect, but it is clear that it did not convince the learned judge below, and he saw and heard the witnesses and had a much better opportunity of weighing their testimony and determining their credibility than we have on this appeal. In addition to this there is much in the case to warrant the belief that Samuel Hertzog gave the note to Eliza Hart, dated March 17, 1906, with an intent to pay the same. It is almost incredible that a man of ordinary sense would execute and deliver a plain promissory note to Eliza Hart, about nine months after she had canceled and surrendered the note of April 1, 1903, if he did not owe her or at least if he did not intend to pay her that amount. Moreover, this appellant is not a creditor of Samuel Hertzog and, as to him, the decedent had a perfect right to execute the note of March 17, 1906, and make a present of it to Eliza Hart.

In a case of this character the burden rests on the

appellant to make it clearly appear that the learned court below erred in refusing to disallow the payment of the note in question, and this burden has not been very well met.    Upon a careful consideration of the whole case and the able argument of appellant's counsel we feel bound to hold that the testimony will not justify us in finding a different state of facts and reversing the decree.

The assignments of error are all dismissed and the decree is affirmed at the cost of Harvey K. Hertzog, appellant.